IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MARK CONNER,**                                                                                        **PLAINTIFF**
**ADC #114272**
**v.**                               **CASE NO.: 5:07CV00126 SWW**

**HORACE J. FIKES, et al.**                                                                      **DEFENDANTS**

## MEMORANDUM AND ORDER

### Introduction

Plaintiff, Mark Conner, a state inmate proceeding pro se, seeks relief in a civil rights action under 42 U.S.C. § 1983, and has requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. For the following reasons, Plaintiff's Complaint (#2) is DISMISSED, without prejudice, and his Request for Leave to Proceed *in Forma Pauperis* (#1) is DENIED, as moot.

### Allegations of the Complaint

Plaintiff brings this action against his court appointed public defender, Horace Fikes. Plaintiff also names John Doe, Defendant Fikes's supervisor, and Tom Zakrzewski, Personnel Manager of the Arkansas Public Defender's Commission, as Defendants in his Complaint. Plaintiff sues Defendants Doe and Zakrzewski "in their supervisory positions" for failing to provide competent counsel.

Plaintiff states that Defendant Fikes represented Plaintiff in his probation revocation hearing on February 10, 2006, and alleges that Defendant Fikes's representation was ineffective, deficient, and fell below an objectively reasonable

standard when he failed to object to the imposition of a sentence that was twice the statutory maximum allowable under Arkansas law. Further, Plaintiff alleges that as a result of Defendant Fikes's deficient performance, Plaintiff and his family suffered economic injury totaling $13,000.00, the amount Plaintiff paid retained counsel to appeal the unlawful sentence. On appeal, Plaintiff's sentence was reduced from twenty (20) years to the statutory maximum sentence of ten (10) years. *Conner v. State*, 2007 WL 104403 (Ark.App. Jan. 17, 2007).

## Discussion

Under the Prison Litigation Reform Act (PLRA), the Court is required to screen prisoner complaints seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §1915A. Upon reviewing a complaint, the court will dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff brings this civil rights action under 42 U.S.C. § 1983. To state a cause of action against an individual under § 1983, the individual must act under color of state law. 42 U.S.C. § 1983. A public defender, acting in the traditional capacity as representative for a criminal defendant, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981). Even though a public defender may be employed by the state, he or she acts as an adversary to the state when representing a criminal defendant. *Id.* at 322, n. 13. Because Defendant Fikes did not act

under color of state law in his representation, Plaintiff's complaint does not state a claim against him under 42 U.S.C. § 1983.  Accordingly, this Court must dismiss the § 1983 claim against Defendant Fikes.

Plaintiff also sues John Doe, Defendant Fikes's supervisor, and Tom Zakrzewski, Personnel Manager of the Arkansas Public Defender's Commission, in their supervisory positions.  Supervisory defendants are not liable under 42 U.S.C. § 1983 for constitutional violations of a subordinate under a *respondeat superior* theory.  *Ambrose v. Young*, 474 F.3d 1070, 1079 (8th Cir. 2007) (citing *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 1998)).  "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) and *Rizzo v. Goode*, 423 U.S. 362, 370-71, 96 S.Ct. 598 (1976)).  "To establish personal liability of the supervisory defendants, [a plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights."  *Mayorga,* 442 F.3d at 1132.  Plaintiff does not allege that either defendant participated in the allegedly deficient representation.  Further, even if the defendants had been directly involved in the allegedly deficient representation, they would not have acted under color of state law because their direct participation would have been in the traditional capacity as representative for a criminal defendant.  Therefore, this Court must dismiss the § 1983 claim against Defendants Doe and Zakrzewski.

This dismissal does not address the merits of any legal malpractice claim that Plaintiff may have under state tort law.  See *Ferri v. Ackerman*, 444 U.S. 193, 100 S.Ct. 402 (1979).  However, such a claim cannot be brought in federal court because there is no diversity of citizenship.

## **CONCLUSION**

The Plaintiff's Complaint (#2) should be, and hereby is, DISMISSED, without prejudice, because it fails to state a 42 U.S.C. § 1983 claim against the Defendants. Plaintiff's *in forma pauperis* application (#1) is DENIED, as moot.

DATED this 3rd day of August 2007.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE